**Gregory Edward EASTMAN,**
**Petitioner—Appellant,**

v.

**Jeanne WOODFORD, Director of the**
**California Department of Corrections, Respondent—Appellee,**

and

**Edward S. Alameida, Jr., Director,**
**Respondent.**

No. 05–56540.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 27, 2006.

Filed Nov. 15, 2006.

---

790

John Owen Lanahan, Esq., Law Offices of John O. Lanahan, San Diego, CA, for Petitioner–Appellant.

Matthew C. Mulford, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: BRIGHT,* BEA, and IKUTA, Circuit Judges.

MEMORANDUM **

Gregory Eastman appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and review the district court's denial de novo. *See Lambert v. Blodgett,* 393 F.3d 943, 964 (9th Cir.2004). We affirm.

Only one issue is before us: whether Eastman was denied due process because

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the state trial court erroneously instructed the jury that Eastman bore the burden of proving that two prosecution witnesses were accomplices in two of the three charges against him. In previously considering this claim, the state appellate court concluded that the instruction was an error as a matter of state law, but was a harmless error.

■ Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), if a constitutional claim based on a legal error has been "adjudicated on the merits in State court," we may not grant a petition for a writ of habeas corpus unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States ...." 28 U.S.C. § 2254(d)(1). A state court adjudicates a claim on the merits where it denies a constitutional claim "on substantive, rather than procedural, grounds." *Lambert v. Blodgett*, 393 F.3d at 966. Here, the state appellate court recognized Eastman's due process claim and did not deny it on procedural grounds. Thus, the claim was adjudicated on the merits.

Eastman argues that AEDPA is nevertheless inapplicable because the state court did not expressly address the constitutional issue. Our cases are otherwise. *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir.2003); *Delgado v. Lewis*, 223 F.3d 976, 981–82 (9th Cir.2000); *see also Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002). We have stated that "[f]ederal habeas review is not *de novo* when the state court does not supply reasoning for its decision ...." *Delgado*, 223 F.3d at 982. Instead, we perform an independent review of the record to determine whether "the state court decision was objectively unreasonable" pursuant to the un-

reasonable application prong of AEDPA. *Himes*, 336 F.3d at 853.

■ Based on our review of the record, the state court's rejection of Eastman's claim was not contrary to, or an objectively unreasonable application of, federal law as determined by the Supreme Court. Eastman cites to no Supreme Court case that contradicts the state court's holding that the instructional error was harmless. With respect to erroneous jury instructions, the Supreme Court has stated that a court should consider "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977) (internal quotations omitted). The state court could have reasonably determined that the error in this case did not so infect the trial. The jury could have fairly evaluated the accomplices' testimony regarding the felony-murder and conspiracy charges because the jury received the proper instruction for evaluating the accomplices' testimony regarding the robbery charge, and the three charges were inextricably entwined. In addition, as Eastman's counsel conceded in oral argument, the testimony of the accomplices was sufficiently corroborated by other evidence.

■ Moreover, the state court could have reasonably determined that the erroneous instruction did not constitute a due process violation under Supreme Court precedent because the instruction did not lower the prosecution's burden of proving any element of Eastman's crimes. *See Henderson*, 431 U.S. at 153, 97 S.Ct. 1730.

Finally, for the reasons indicated above, we hold that any instructional error was harmless because it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson*, 507 U.S. 619, 637,

113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (internal quotations omitted).

AFFIRMED.

___

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.